IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| MICHAEL EASTERLING | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:13cv207 |
| ALPHONSO JAMES | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Michael Easterling, an inmate confined in the Stringfellow Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Factual Background</u>

Plaintiff complains that defendant James, formerly an Assistant Warden at the Stringfellow Unit, failed to properly train and supervise employees at the unit. Specifically, plaintiff complains that defendant James failed to ensure plaintiff had security and received transportation to the Angleton Danbury General Hospital, causing a delay in treatment for a broken wrist which he sustained at the Stringfellow Unit on July 23, 2010.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claims arose at the Stringfellow Unit in Rosharon, Texas. Rosharon is located in Brazoria County, Texas. Further, the defendant was employed as an Assistant Warden at the Stringfellow Unit at the time of the incident which forms the basis of this complaint.[1] When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Brazoria County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Brazoria County is in the Galveston Division of the Southern District of Texas. As Brazoria County is located in the Southern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §

---

[1] Assistant Warden James was later promoted to Warden at the LeBlanc Unit located in Beaumont, Texas. *See* http://www.tdcj.state.tx.us/connections/NovDec2010/webexclusives_vol18no2.html.

1406(a). This case should be transferred to the Southern District of Texas, Galveston Division. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this  17  day of         April        , 2013.

                                              KEITH F. GIBLIN
                                              UNITED STATES MAGISTRATE JUDGE